In the matter of the estate of BEATRICE E. WESTHALL, deceased.

[Submitted February term, 1939.  Decided April 21st, 1939.]

*Mr. John A. Matthews* and *Mr. Andrew B. Crummy,* for the respondent.

*Messrs. Ewart & Bennett* (*Mr. Howard Ewart*), for the appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

The appeal in this case is from a decree of the prerogative court establishing a surcharge against the administrator of the estate of Beatrice E. Westhall, and directing that he pay one-half of a counsel fee awarded to the proctor for respondent. Only a single question is involved, since appellant concedes the propriety of the counsel fee if the surcharge is sustained. The subject is basically factual.

The testimony shows that decedent succeeded to an undertaking business in Lakewood which had been operated by her husband and had been established for many years. Decedent was survived as next-of-kin by two adult daughters, who were entitled to one-half the proceeds of the estate, and by three grandchildren, aged four, six and eleven, who were entitled to the other half. Lakewood Trust Company was guardian of these grandchildren. Appellant, a son-in-law of decedent, was appointed administrator of her estate. He had an inventory made of the assets in the estate, and the accounting for the physical property in the undertaking business was $3,842. No value was assigned for good will. Appellant had conducted the business for decedent, and knew its potentialities. At a family conference, and with acquiescence of Lakewood Trust Company, he arranged to buy the business for himself

as an individual from himself as administrator, at the appraised figure of $3,842. Lakewood Trust Company was later taken over by the Commissioner of Banking and Insurance of New Jersey. The commissioner, in behalf of the infant grandchildren, took numerous exceptions to the administrator's account, including among them the failure to place any value upon the good will of the business. The orphans court fixed a value of $12,800 for the good will, and surcharged the administrator to that extent. Upon appeal to the prerogative court the principle of the surcharge was upheld, but it was reduced to one-half, $6,400, to inure to the infants alone, on the ground that the two adult daughters, to whom the other half would have been payable, had of their own accord entered into an agreement which they were competent to make and were estopped from repudiating.

Appellant contends the surcharge of $6,400 for the benefit of infants is erroneous, because the sale was assented to by the guardian appointed to act for them, and the transaction was consummated openly, with knowledge of all concerned. Appellant urged there was no good will to the business. Nevertheless, good will was prudently included in the bill of sale, though he paid nothing for it, and within less than a year the business made a net profit of about $12,000, more than three times what he paid for it. Appellant's agreement called for payment forthwith. But he made payment about a year later, so that he received the business at once and large profits at the end of the year, with practically no monetary advance by himself. Appellant says an undertaking business is of a kind that accumulates no good will, since it is of a personal nature. But this carries no weight in the face of the fact that the business proceeded on a lucrative plane under direction of appellant, who himself had no license to conduct an undertaking establishment, the license being in the name of an assistant. It is a commercial corollary that a long established business which can net a profit of $12,000 in less than a year possesses a tangible and substantial good will value. Appellant disputes the method of arriving at the value of the good will, but his own method supplies a figure that is not far different. The evidence and the circumstances

amply justify the amount set by the trial court.  See *Kanzler* v. *Smith, 123 N. J. Eq. 602.*

It is of no avail to appellant that the guardian of the infants was apprised of the terms and made no objection to the sale.  Where infant wards are concerned, the court is the final arbiter of their care.  Moreover, this was not a transaction between the guardian and appellant.  It was one between himself as an individual and himself in the capacity of fiduciary for the infants.  As administrator he owed them the duty of an undiluted adherence to a course best adapted for their good.  A trustee may not take a position whereby self-interest might induce him to relax the obligation he owes to the *cestuis,* or that would pit his own advantage against their welfare.  This doctrine is firmly imbedded in our legal and equitable concepts.  See *Marshall* v. *Carson, 38 N. J. Eq. 250; Staals* v. *Bergen, 17 N. J. Eq. 554.*  A sale by a trustee to himself is particularly vulnerable and open to scrutiny.  Here the administrator did not reveal to the guardian of the infants that someone else would have been interested in purchasing the business, nor was any effort made by the administrator to ascertain what the business could bring at a general or public sale.  The administrator conveyed to himself, and at a price which left out a patent and concrete element that connoted loss and deprivation to the infant *cestuis.*  They are entitled to restoration of this omitted element of value.

The decree of the prerogative court is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   13.

*For reversal*—DONGES, J.   1.